## C. LIVINGSTON V. THE STATE.

### No. 1521. Decided January 19, 1898.

**1. Refused Instructions—Practice on Appeal.**

Where requested instructions are refused, and the action of the court in refusing them is brought forward in the motion for new trial, this will require a consideration of the matter on appeal.

**2. Theft by Servant or Employe—Possession and Ownership—Temporary Custody, etc.**

A servant or employe who is in temporary custody or control of the property of his employer, does not have such possession as in any sense to constitute him the owner or possessor as against the ownership or possession of his employer or master; the ownership and possession remains in the employer or master, and a fraudulent taking of the property by such employe or servant, without the consent of the master or employer, is theft. In the case stated, an indictment charging theft by a bailee could not be maintained.

APPEAL from the County Court of Dallas. Tried below before Hon. KENNETH FOREE, County Judge.

Appeal from a conviction for theft of a razor and pair of clippers, of the value of $1; penalty, ten days imprisonment in the county jail.

The special requested instructions of defendant which were refused were as follows, viz.:

"1. You are instructed, that if you believe from the evidence that defendant had the care and control or custody of the clippers and razor at the time he is alleged to have stolen them, you will acquit him. If you have a reasonable doubt of this, you will acquit him.

"2. You are instructed, that if defendant was rightfully in possession or had the care or control of the clippers and razor before he delivered them to Louis Michelson, the second-hand man, or was rightfully in possession of them when he delivered them to Michelson, although you believe him guilty of embezzlement or other crime, you will acquit him.

"3. You are instructed that the defendant could not have held possession of the razor and clippers rightfully at the time of or just before their delivery to Michelson, and been guilty of theft. If he had actual control, care, or possession of the property rightfully at the time, even though he held the property for E. M. Jones, he would not be guilty of theft, and if you have a reasonable doubt of this, you will acquit him."

[No briefs on file for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of personal property under the value of $50, and his punishment assessed at ten days imprisonment in the county jail; hence this appeal.

What appears to be bills of exception were filed long after the adjournment of the term of court at which said case was tried, and no excuse is shown for the failure to file them within the time authorized by law. However, nearly all of said bills relate to the charge of the court, and the failure of the court to give certain special instructions requested, and these matters are brought forward in a motion for a new trial. We therefore, under the rule heretofore laid down, have to consider said refused charges. The charges refused relate to the question of possession; it being contended by appellant that the proof shows that at the time of the alleged theft he (appellant) was in possession of the property charged to have been stolen, and therefore, under this indictment, could not be convicted of theft. At any rate, it is contended, the proof of possession in him (appellant) was such as to require the court to give the charges requested on the subject, this being a misdemeanor case. It is true that the appellant, in his testimony, says: "I had charge of the shop while Jones and Myers were gone. I had full control, care, and possession of the shop, and all the goods, implements, and furniture in the shop. I had full control, care, and possession of the razor and pair of clippers in question." But this testimony is to be taken in connection with the other evidence bearing upon this point. The testimony on the part of the State shows that the property stolen was a razor and a pair of clippers—tools used in the barber shop. The shop in question was owned by E. M. Jones, and appellant and one Myers were his employes. All the property in the shop, so far as the record discloses, belonged to Jones. When Jones was temporarily absent from the shop (which sometimes occurred), either Myers or appellant (whichever happened to be present), was left in charge of the shop, but had no particular charge, except a mere custody such as pertains to an employe or servant, and had

no power to sell or dispose of the goods. Technically, the evidence for the State makes it clear (and this is not gainsaid by any testimony for the defense) that he was not in possession of the goods, but simply in temporary custody as an employe or servant. It is well settled that a clerk in a store, with power to sell goods, can be guilty of the theft of the goods. In law, he is not held to be in possession of the goods, except as a servant, the possession being in his employer. Applying that rule to this case, we simply find that, when the whole record is looked to, appellant was employed to work for Jones; that Jones was absent about two hours and a half, and, while gone, appellant took the goods charged to have been stolen. Now, if, while appellant was there, in the absence of the owner, some thind party has committed a theft of the articles in question, the indictment need only have alleged the possession in the owner, Jones—ignoring the employe entirely. See White's Penal Code, art. 858, note 4, and authorities there cited. Testing this matter by another provision of the Code, could it be said that appellant at the time of the alleged theft, under the proof, was in any sense a bailee of the property? If he was, then it might be insisted that he should have been indicted under article 877 of the Penal Code, and not under article 858, with reference to theft generally; and, if such be the case, then the requested charge should have been given. In our opinion, he was in no sense a bailee, and an indictment charging him with theft as a bailee could not have been sustained. See Malz v. State, 36 Texas Crim. Rep., 447. While it is true that appellant testified that he was in possession of the shop and the articles therein, when viewed in the light of all the testimony in the case he evidently meant that he simply had the custody thereof. In his testimony, defendant refers to no contract, agreement, or arrangement between himself and the owner which would place him in the legal possession and control of the goods as a bailee.

We are of opinion that appellant was in no wise injured by the refusal of the court to give the special instructions requested, and the court acted properly in refusing to give the same. The judgment is affirmed.

*Affirmed.*