### OTTO ROEDER v. THE STATE.

#### No. 1410.  Decided April 27, 1898.

**Theft by a Custodian or Servant.**

On a trial for theft, where it appeared that the defendant was an employe or servant, but in what capacity is not shown, of the prosecutor, who was the owner and manager in control of the storehouse and stock of goods; that the prosecutor left the keys of the storehouse with defendant temporarily until his return from Dallas, and defendant went into the store soon after the owner left, took the goods alleged to have been stolen, and fled to Arkansas; Held, defendant was guilty of theft, and not of embezzlement as a bailee, since he was only a temporary custodian of the goods.

APPEAL from the District Court of Tarrant.  Tried below before Hon. IRBY DUNKLIN.

Appeal from a conviction for theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. Gregg,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of certain articles of merchandise over the value of $50, and his punishment assessed at confinement in the penitentiary for a term of two years.

The only question presented in the record for our consideration is whether the allegation in the indictment of ownership of the goods in H. Huffman is supported by the evidence. We summarize from the testimony on this point as follows: The goods taken were in a certain storehouse of one H. Huffman, situated in the city of Fort Worth. Otto Roeder, appellant, was in the employ of said Huffman, and had been in his employment for about one month. The nature of his employment, however, is not stated. Huffman had full control and management of the store and the stock of goods, including the articles alleged to have been stolen. Huffman went to Dallas on Sunday, and left his keys to the store with the defendant, to take care of the house that night, as Huffman was not to return until Monday morning. Huffman did not sell goods on Sunday, and did not allow anyone else to sell goods for him on that day.

Immediately after Huffman left for Dallas, appellant entered said storehouse, took the goods alleged in the indictment, packed them in a large valise, and left on the train, going to Arkansas, where he was shortly afterwards arrested, with some of the goods in his possession. On this state of case, it is urged by appellant that he was a bailee of the goods, and that, if he was guilty of any offense, it was of embezzlement, and not of theft. As stated before, there is no evidence as to the particular employment of the appellant. It is simply stated that he was working for Huffman, but we are not advised in what capacity. It is stated, however, that Huffman had full control and management of said house and goods, and evidently, when said store was not open for the sale of goods, he retained complete and exclusive custody of said house and the goods therein. On the occasion in question the record shows that he merely left the key of the store in possession of appellant to take care of the house until he returned, which was expected to be the next morning. This, in our opinion, did not constitute him such special owner as would authorize him to maintain an action of trespass for the taking of said goods, but showed him a bare custodian of same, as that of a servant. See Livingston v. State, 38 Texas Crim. Rep., 535; Graves v. State ( Texas Crim. App.), 42 S. W. Rep., 300; Willis v. State (Texas Crim. App.), 44 S. W. Rep., 826; 2 Bish. Crim. Proc., secs. 721, 722; 1 McClain Crim. Law, p. 539, note 2; State v. Addington, 1 Bailey, 310. There being no errors in the record, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for a rehearing was overruled without a written opinion.—Reporter.]