## CLAUD CROOK v. THE STATE.

### No. 1450.   Decided May 4, 1898.

**1.   Indictment—Good and Bad Counts—Motion in Arrest.**

A motion in arrest of judgment is properly overruled which attacks the sufficiency of an indictment containing two counts, one good and one bad, where the evidence adduced supports the good count.

**2.   Theft—Charge.**

On a trial for the theft of a horse, where the charge of the court submits the facts to the jury and instructs them that if these facts are true the defendant would be guilty of theft, the charge is proper if the facts stated constituted theft.

**3.   Same—Possession by Servant.**

The possession of a horse by a servant who was directed by his employer to go to the pasture and get the horse, was the possession of the master, and could not legally be adverse to his master or employer.

APPEAL from the District Court of Gonzales.   Tried below before Hon. M. KENNON.

Appeal from a conviction for horse theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

The instruction asked for defendant and which was refused by the court was as follows, viz.: "If you find from the evidence in this case that the defendant, Claud Crook, was, at the time he received authority from Duncan to get said horse, in the employ of said Duncan, and while in said employment or agency he fraudulently converted said horse, if you find that he so converted him, he would not be guilty of the offense charged in the indictment, and it would be your duty to acquit defendant."

No brief for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of horse theft, and appeals.

The indictment contains two counts,—the first in the ordinary form for theft; and the other charging the theft of property after it had been obtained by virtue of a contract, and the facts are stated in this count which were intended to charge the offense as having been committed under the act defining theft by borrowing, hiring, or other bailment. Motion in arrest of judgment was made upon the ground that the second count was not sufficient to charge the offense sought to be charged. It is not necessary to inquire whether or not this count was sufficient. Where an indictment contains more than one count, and one of said counts is defective, and the evidence adduced will support the good count, a motion in arrest of judgment comes too late.

It is contended that the court erred in giving the following charge: "If you find from the evidence that on or about the 27th day of July, 1897, the defendant was in the employ of J. W. Duncan, in Gonzales County, and that at said time the said Duncan directed the defendant to go to his (Duncan's) pasture, in said county, and to get the horse mentioned in the indictment, and carry him to the house, and defendant agreed to do so, and that on said date, in said county, by virtue of said agreement on the part of the defendant, he (the defendant) took possession of said horse in said pasture, and fraudulently converted the said horse to his own use, with intent to deprive the owner of the value of the same, without the consent of the owner, and that the said J. W. Duncan was, when the said horse was so taken and converted, the owner of the animal, and the horse was so converted in Gonzales County, you will find the defendant guilty of theft of a horse, as charged in the indictment, and assess his punishment at confinement in the penitentiary for any term not less than two nor more than ten years."

While this charge is not in the usual form, still it submits the facts to the jury, and informed them that, if these facts were true, the defendant would be guilty of theft. The evidence discloses that the defendant had been employed by Duncan, the alleged owner, to work for him, to do certain hauling, at 50 cents per day; that defendant came to Duncan's to begin work, and, in order to prepare himself for the work, Duncan sent the defendant into his pasture after the horse with which the hauling was to be done; that when the defendant went to the pasture he caught the horse in question, took Duncan's bridle and saddle, and rode away, disposed of the saddle, and sought to dispose of the horse, both at Waelder and Harwood, in Gonzales County. These facts would constitute the defendant guilty of theft. His possession was the possession of Duncan, for he was the hired servant, and his possession could not be legally adverse to his master or employer. The decisions in this State have been uniform upon this question. In the cases of Bailey v. State, 18 Texas Criminal Appeals, 426, and Frazier v. State, Id., 434, and also in Roeder v. State, ante, p. 199, the question here involved was discussed; and in those cases it was held that the possession of the servant was the possession of the owner, and could not be adverse; and, so far as we are aware, the authorities all so hold. The fact that the court charged the jury simply the facts, and informed them that, if they found the stated facts to be true, they should convict, we believe is a proper way to charge the jury. It certainly can not mislead, and the facts stated by the court authorized the jury to convict the defendant, under the first count of the indictment, which charged the theft of a horse in the usual form. The charge asked by appellant, stating the counter proposition to this, was correctly refused. The evidence is amply sufficient to support the judgment, and it is affirmed.

*Affirmed.*