MARY LEWIS v. THE STATE.

No. 3003.    Decided February 11, 1914.

**Misdemeanor Theft—Possession—Ownership.**

Where, upon trial of misdemeanor theft, the evidence as to ownership and possession showed the general possession in one party and special ownership in another, and raised a reasonable doubt under the allegations of the information as to such possession and ownership, the cause is reversed and remanded with suggestion to file a new information.

Appeal from the County Court of Mitchell. Tried below before the Hon. A. J. Coe.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $200 and five days confinement in the county jail.

The opinion states the case.

*Shepherd & Sandusky,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of theft of property under the value of $50.

The property in fact belonged to a man named Whitcraft. The evidence shows the stolen property was some windows and a door. One of the witnesses turned State's evidence and testified against the defendant. He was an accomplice, and, therefore, it was necessary to corroborate him. The testimony is weak on corroboration, even if it be sufficient. Womack testified he was the agent of Whitcraft and rented the property to Riley for the year 1913, and this contract carried possession in Riley of the property from the first of January, 1913, to the first of January, 1914. The property, if taken by appellant, was taken on the night of January 3, 1913. Riley being the renter was legally, or supposed to be legally, in control of the property. The indictment alleged possession in Womack. The evidence, as we understand it, shows it to be in Riley. While this is not sufficiently clear to amount to a demonstration, yet it occurs to us it is so to the exclusion of the reasonable doubt, and as this record is presented to us we are unwilling to affirm the judgment in this condition. However, we would suggest upon another trial the different counts be drawn so as to meet any contingency. Womack was not in actual control but only in such control as the agency gave him, the property being ten or twelve miles distant in the country. The indictment should contain a count alleging the general possession in him and special ownership in Riley. Another count might be added charging ownership in Womack, and the third charging it in Riley. This would meet any phase of it if the State sees proper to prosecute the case further.

As the matter is presented the judgment is reversed and cause remanded.

*Reversed and remanded.*