ST. LOUIS, B. & M. RY. CO. et al. v. McDAVITT BROS.

(Court of Civil Appeals of Texas. San Antonio. March 25, 1914.)

1. CARRIERS (§ 82*)—CARRIAGE OF GOODS—DELIVERY.

The consignee named in a bill of lading must be treated by the carrier as the absolute owner until he has notice to the contrary, and a delivery to the consignee, without such notice, discharges the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 299–315; Dec. Dig. § 82.*]

2. CARRIERS (§ 90*)—SALES (§ 296*)—PASSAGE OF TITLE.

Where goods consigned to the purchaser were, on arrival, delivered to another in accordance with the purchaser's order, there was such a constructive delivery to the purchaser as to bar the seller's right of stoppage in transitu, which continues until delivery, and he cannot recover from the carrier because it did not collect the purchase price from the person to whom the goods were delivered, as directed by the purchaser.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 331–337; Dec. Dig. § 90;* Sales, Cent. Dig. §§ 837–847; Dec. Dig. § 296.*]

Appeal from Cameron County Court; E. H. Goodrich, Judge.

Action by McDavitt Bros. against the St. Louis, Brownsville & Mexico Railway Company, which impleaded one E. D. Dawson. From a judgment for plaintiffs against the railroad company, with recovery over by the company against Dawson, the railroad company and Dawson appeal. Reversed and rendered.

Chapin & Brown, of Mission, Claude Pollard, of Kingsville, and Graham, Jones, West & Dancy, of Brownsville, for appellants. J. T. Canales, R. B. Creager, and Ira Webster, all of Brownsville, for appellee.

FLY, C. J. Appellees sued appellant to recover the value of certain sorghum seed alleged to have been shipped by appellees from

Dallas, Tex., to E. Friedlander, at Mission, Tex. It was alleged that appellant converted the seed "to its own use and benefit, instead of delivering said seed to E. Friedlander, or his order, as it was in duty bound to do; it delivered the same to one E. D. Dawson, without the knowledge or consent of this plaintiff, and without the order, knowledge, or consent of the said E. Friedlander; because of which said sorghum seed were wholly lost to this plaintiff, to his damage in the sum of $108.50." In the answer of appellant railway company, it was admitted that the seed had been delivered to Dawson, and it was asked that he be made a party and judgment be rendered in its favor over against him. Dawson answered that he had paid for the seed. The cause was submitted to the court, and judgment was rendered in favor of appellees against the appellant railway company for $108.50, and in favor of the latter against Dawson for the same sum. Both of them appealed.

According to the testimony of W. E. McDavitt, on or about July 6, 1909, his firm, acting through agents in Dallas, shipped to E. Friedlander or order, at Mission, Tex., 35 sacks of sorghum seed; that some time afterwards he learned that the seed had been delivered by the railway company to Dawson, and that Friedlander had never paid for the seed. McDavitt said that the shipment was what is known as "an open shipment" to Friedlander. The evidence showed that the seed were ordered by Friedlander for one Miyamoto, a Japanese nurseryman, and he sent an order to the agent of the railway company at Mission to collect the freight charges from Miyamoto and get a check from him for $108.50, and to deliver the seed to him. Dawson obtained an order for the seed from Miyamoto, and they were delivered to him. Dawson paid the freight charges.

[1, 2] The consignee named in a bill of lading must be treated by the carrier as the absolute owner until he has had notice to the contrary, and a delivery to the consignee, without such notice, will discharge the carrier. Hutchinson on Carriers, § 177, and authorities cited in footnote; Railway v. Bank, 100 Tex. 17, 93 S. W. 431. The right of stoppage in transitu was held by the consignor until the notice had been given by the carrier to the consignee and he had made the carrier his agent to hold the property until its sale. It is not necessary that the goods should have come into the actual possession of the consignee to put an end to the right of stoppage in transitu. Hutchinson, Carriers, § 769. When Friedlander received a notice that the seed had arrived, and wrote the agent of the railway company that he wanted the agent to deliver the goods to Miyamoto, there was a constructive delivery of the goods to Friedlander, and the railway company had performed its contract of carriage. Whether the railway company or the agent was made the agent of the consignee would not matter; the duty of the carrier had been met by the railway company. Halff v. Allyn, 60 Tex. 278; Elliott on Railroads, § 1543.

The right of stoppage in transitu had undoubtedly been lost when the seed were delivered to Dawson, and Friedlander or Miyamoto was the only person who could complain about the seed being delivered to Dawson. The railway company, or Lehman, its agent, may have acted in bad faith towards Friedlander in delivering the seed to Dawson, but that is a matter between them, with which appellees have no concern. If Friedlander himself or Miyamoto had carried the seed off, appellees would have had no cause of complaint, and, when they were delivered to Dawson, who claimed to have authority from Miyamoto to receive them, no one but the consignee or Miyamoto would have the right or authority to object to the delivery to the person who received the seed. Appellees' right of action against the carrier ceased the very moment that the latter agreed to hold the seed for the consignee. The title to the property passed to Friedlander when it was shipped from Dallas, subject to the right of stoppage in transitu, and, when that right was lost, appellees' cause of action against the carrier was lost. Greif v. Seligman, 82 S. W. 533.

The notification of Friedlander that the seed had arrived was a delivery to him, and all right that appellees may have had to stop the goods was lost. Railway v. Somerville, 104 S. W. 1072.

The evidence of an order being given by Miyamoto for the seed may not have been the best, although the statement of facts does not show that the order was in writing, as stated in the bill of exceptions, yet it would be a matter of no consequence, because the seed had been delivered to the consignee, and it did not matter whether Miyamoto gave the order or not, so far as appellees were concerned.

The judgment is reversed, and judgment here rendered that appellees take nothing by their suit and pay all costs in this behalf expended.