CHARLEY BURGES v. THE STATE.

No. 13050.   Delivered February 26, 1930.
Reported in 26 S. W. (2d) 229.

The opinion states the case.

*Art Schlofman* of Dalhart and *Jos. H. Aynesworth* and *H. K. Aynesworth,* both of Stinnett, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for cattle theft; punishment, two years in the penitentiary.

Appellant was charged with theft of cattle belonging to A. M. James. Mr. James lived in Dalhart, and his ranch from which the cattle were taken was sixteen miles distant. The testimony shows that Mr. James was at the ranch every few days, and that when he was not there one Tom Burges, a brother of appellant, acted as foreman, his duties being merely to carry out the instructions of Mr. James. Tom Burges, according to the record, had no right of disposition or removal of the cattle in the pasture whatever. Mr. James testified that the cattle in the pasture were in his control and under his direction and in his possession. Appellant made a written confession at the time of his examining trial in which he admitted taking the cattle in question with knowledge of the fact that they belonged to Mr. James.

Bill of exception No. 1 complains of the failure of the court's charge to define what was meant by the word "possession." Bill No. 2 complains of the refusal of the court to tell the jury that if they found and believed that Tom Burges had the care, custody and control of said cattle, that appellant would not be guilty of theft as charged in the indictment. Bill No. 3 complains of the refusal of the court to charge the jury that even though they believed at the time of the taking that A. M. James was the true and lawful owner of the cattle in question, yet if Tom Burges had the actual care, custody and control of such cattle, they should acquit. Bill No. 4 sets out appellant's objection and exception to the charge for its failure to present any affirmative defense with reference to who had the care, custody and control of the cattle at the time same were taken. We are of opinion that none of said bills of exception show any error. If we understand the record, there is no testimony controverting the proposition that when the cattle were taken they were in the possession of A. M. James. The temporary custody of one who is but a servant with no other authority than to carry out the orders of his employer, even though the employer may not be physically present on the premises at the time of the

taking, presents no such issue as to ownership constituted by care, control and management of the alleged stolen property, as affirmatively raises this issue as a defense. No witness testified for appellant that Tom Burges had any more right of control or care or disposition or management of the cattle than did appellant or any other hired hand on the ranch of Mr. James. The question has been written upon many times. Art. 402, C. C. P. states in terms that where one person owns the property, and another person has the possession of same, the ownership may be alleged to be in either. Daggett v. State, 39 Texas Crim. Rep. 5, states that the temporary possession as that of a servant is not sufficient to support an allegation of ownership. Animals on the range or in the pasture are in legal parlance owned by a special owner only when such special owner has the control, care and management of such animals. Mackey v. State, 20 Texas Crim. App. 603; Alford v. State, 31 Texas Crim. Rep. 299; Littleton v. State, 20 Texas Crim. App. 168; Wright v. State, 35 Texas Crim. Rep. 470; Taylor v. State, 62 Texas Crim. Rep. 611.

The voluntary statement made by appellant at his examining trial appears to have been made in conformity with law, and was properly admitted. The man to whom appellant sold the four head of cattle stolen from Mr. James, was permitted to testify that after the theft was discovered appellant paid him for twelve calves, this being eight more than the number stolen from James. It is true that no connection was shown between the other eight head of cattle sold to the witness, with those taken, but the explanation made was in such confused state as to render it difficult for the witness to detail the settlement made by appellant with witness for the four stolen cattle, without revealing the further fact that other cattle were involved. The matter might not be free from doubt. However it will be observed there was no question apparently raised of appellant having taken the four head; or of the further fact that the jury gave to appellant the minimum penalty, and this would justify a holding that even if there be doubt as to the admissibility of this testimony, it did not injure appellant either by bringing about his conviction or enhancing his penalty.

Appellant asked for a continuance of the case to secure the attendance of Tom Burges, his brother. The bill of exception complaining of the refusal of this continuance shows that appellant's brother was a resident of the county in which the prosecution was had; that subpoena was issued for him on the 14th of May, 1929, com-

manding his presence at court on May 24, 1929. The subpoena was not attached to the application or shown as part of the bill. It is set up therein, however, that the sheriff of the county informed appellant that he saw his brother on the 17th of May and told him ·that he had a subpoena for him to attend court as above stated. When the case was called on May 24th it appears that appellant's brother was not at court, and upon learning this fact the trial judge postponed the case until the next day and gave appellant an attachment for his said brother. Said brother failing to appear on the next day, and no return having been made on the attachment, and no reason being advanced why the brother was not present, the learned trial judge declined to grant the continuance then sought. The brother did not appear and testify. No affidavit of his is attached to the motion for new trial though the trial was May 25th and the motion was not acted on till June 11th. The only testimony attributed to him in the application was that he would say that he was the ranch foreman, and had the management, care and control of the ranch and the cattle alleged to have been stolen at the time of the alleged theft. Under the peculiar facts of this case we are of opinion that the trial judge did not abuse his discretion in declining to grant the continuance. There was no contention on the part of appellant that he bought the cattle from his brother, or that he had his brother's consent to remove them, or that there was any mistake of ownership upon which the testimony of his brother could shed any light. Our statute provides in Art. 543, C. C. P. that the truth of the first, or any subsequent application, as well as the merit of the ground set forth therein and its sufficiency, shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right. We think the trial court justified, under the peculiar facts of this case, in refusing the continuance; also in refusing the motion for new trial based in part upon the alleged error. There was no showing of illness on the part of said brother, or of any reason at all why he was not present. The record is bare of any suggestion of absence from any cause beyond his control. In view of the other testimony it appears altogether unlikely that if Tom Burges had been present he would have testified that he had any more care, control and management of said stolen cattle than that attributed to him by Mr. James and the other witnesses. His testimony as expected states no details, and amounts to no more than a conclusion. Had he testified that he was foreman of the ranch, and that same was visited by its owner every few days,

and that the owner gave entire direction as to the management of the cattle, this would have justified the State in the allegation as same appears in the indictment, and would in nowise have prevented the legal conviction of this defendant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*