CLARENCE GIDEON V. THE STATE.

No. 14636.   Delivered December 23, 1931.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, ten years in the penitentiary.

Appellant presents in his able brief two points resting upon the refusal of two special charges asked by him. The first of said charges sought to have the jury told that they should return a verdict of not guilty for the reason that the evidence showed the alleged stolen property, while owned by Graves, was in the possession of a servant while the owner was absent from the county. J. A. Graves lived in Fort Worth, Texas. On the morning of December 30, 1930, he left his home for a visit to Cuero, Texas, returning on the second of January following, it thus appearing that he was absent two days and a part of two others. The record otherwise shows that on the day Graves left home appellant entered the house and took therefrom property of the value of more than $50. The indictment charging theft, laid ownership, possession and want of consent in Graves. It seems a maid of the family was left to look after the premises while the family were gone to Cuero. In the able brief of appellant we find the following: "The evidence showed that Mary Moore, a negro woman, was a servant of the Graves' and that she lived in a servant's house on the rear of the property * * * that she had a key to the house * * * and that her duties were to see that the house was kept clean * * * and to look after the house, silverware, etc., while Graves was gone." It

thus appears that appellant's defense rests on a claimed variance; that is, that the allegations above referred to were not met by the proof, hence the special charge requested.

Under these facts we think the contention of appellant unsound, and that the court properly refused his special charge. The owner of the property was temporarily away, but the property was left in the house in the custody of the servant, with no right of disposition of any of same, and no duty toward the property save to obey the directions of the owner and keep said property clean and in order. Mr. Graves testified: "As far as the property is concerned, the maid had no authority to dispose of it or anything like that." We think the recent case of Burges v. State, 114 Texas Crim. Rep., 664, 26 S. W. (2d) 229, 230, in point and decisive. That was a case in which the owner did not live on the ranch, and had a foreman who had the custody of the cattle subject entirely to the orders of the owner. We said: "The temporary custody of one who is but a servant with no authority than to carry out the orders of his employer, even though the employer may not be physically present on the premises at the time of the taking, presents no such issue as to ownership constituted by care, control, and management of the alleged stolen property, as affirmatively raises this issue as a defense." The principle is discussed by Judge Davidson in Staha v. State, 69 Texas Crim. Rep., 356, 151 S. W., 543, in which many authorities are cited. It seems to have been the rule from the beginning. In Bailey v. State, 18 Texas Crim. App., 426, appears the following: "Possession and custody are not synonymous or convertible terms, and if the property at the time it is taken to be in the mere temporary custody of a ward, servant or other person, the indictment need not allege the possession to be in such temporary custodian." To the same effect are Graves v. State (Texas Civ. App.), 42 S. W., 300; Livingston v. State, 38 Texas Crim. Rep., 535, 43 S. W., 1008; Roeder v. State, 39 Texas Crim. Rep., 199, 45 S. W., 570; Runnels v. State (Texas Crim. App.), 47 S. W., 470; Dawson v. State (Texas Crim. App.), 59 S. W., 262; Denton v. State (Texas Crim. App.), 69 S. W., 142; Kush v. State (Texas Crim. App.), 77 S. W., 790; Parks v. State (Texas Crim. App.), 89 S. W., 1064; Duncan v. State, 49 Texas Crim. Rep., 150, 91 S. W., 574; Hartman v. State, 85 Texas Crim. Rep., 582, 213 S. W., 936. See also Daggett v. State, 39 Texas Crim. Rep., 5, 44 S. W., 148, 842; Emmerson v. State, 33 Texas Crim. Rep., 89, 25 S. W., 289.

The legal principle controlling in the cases cited by appellant appear fundamentally different. In Ratliff v. State, 88 Texas Crim. Rep., 79, 225 S. W., 53, there was clearly a variance. The owner of a store being hurt, turned over the entire management of the business to another who had absolute care, management and control, and in fact ran the business for the absent owner for a considerable length of time. It was

properly held that allegation of ownership and possession in the absent owner was erroneous. We do not find the case of Lewis v. State, 73 Texas Crim. Rep., 44, 165 S. W., 5, which is cited. We have examined each of the other cases cited by appellant, but do not think them in point.

The other complaint of appellant was the refusal of an oral motion to have the court instruct the jury that appellant could not be convicted because the evidence showed that the owner, Mr. Graves, was out of the city at the time of the theft, and that Mary Moore, the servant, was left in charge of the property alleged to have been stolen. We see no error in the refusal of this motion. In his exception to the charge of the court appears complaint of the fact that the court failed to charge the jury "to find that said property if in the actual care, custody and control of the said _____ they should acquit the defendant." Manifestly such an exception was insufficient to call the court's attention to what appellant may have had in his mind. However, in the Burgess case, supra, we think a charge presenting the same point had in mind by appellant, was held properly refused.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*