## C. C. YORK V. THE STATE.

No. 18964. Delivered May 12, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

W. M. Wade and R. D. L. Killough, both of Vernon, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the theft of a hog; penalty assessed at confinement in the penitentiary for two years.

Appellant insists that there is a variance between the allegation and the proof in that the indictment charged the ownership of the hog to be in Hagler whereas the proof showed that the ownership thereof was in Dan Hughes. The testimony shows that Hagler had some hogs which he kept in a pen situated just outside of the city limits of Vernon, Texas; that a family by the name of Hughes lived there and looked after the hogs, especially to prevent their being stolen. Dan Hughes was a member of the family who resided in the house furnished by Hagler as their place of residence.

The testimony of the accomplice Lane is to the effect that he, Harry Shelton, and the appellant went to the hog pen about midnight in a car; that Lane and Shelton went up to the pen and there killed three of the hogs; that appellant remained at the car while this was going on. After the hogs had been killed the appellant assisted in taking them away and thereafter butchering them. The motive for the theft was to butcher the hogs and sell the meat.

Under the provisions of Art. 402, C. C. P., it is expressly provided that where one person owns property and another person has possession of same the ownership may be alleged to be in either. See also Suggs v. State, 143 S. W., 186; Burges v. State, 26 S. W. (2d) 229. Under these authorities, the ownership of the hogs was properly charged in Hagler, the actual owner thereof. This also disposes of the appellant's contention that it was necessary that the State show the want of consent of Hughes to the taking of the hogs. The ownership not having been alleged in Hughes, it was not necessary that the State prove the want of consent of this special owner.

Appellant contends that the proof fails to show that he was guilty as a principal to the theft of the hog, but that he was guilty of no offense other than that of an accomplice. In addition to the testimony of the accomplice Lane, above referred to, the voluntary confession of the appellant was offered in evidence in which he admitted his presence at the car while the other parties were killing the hogs and his connection with the butchering of the hogs, as well as the effort to hide or se-

crete the evidence of the theft. Under such state of facts the appellant's guilt as a participant in the theft was abundantly established.

The judgment of the trial court is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for rehearing earnestly contends that we erred in the disposition we made of this case on original submission. We have again carefully reviewed the record in the light of the motion, but find no reason to change our conclusion as the same is expressed in our original opinion.

Appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.