ABNER G. McGRAW v. THE STATE.

No. 21343. Delivered January 8, 1941.
On Motion to Reinstate Appeal March 5, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*J. Meek Hawkins,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in jail for thirty days.

The recognizance is fatally defective. It merely states that appellant has been convicted, there being no averment that the conviction was for a misdemeanor or for any specified offense. To be sufficient it should have appeared from the recognizance that the conviction was for a misdemeanor. Under the circumstances, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

On a former day of this term we dismissed the appeal because of a defective recognizance. The record having been perfected by the filing of a proper recognizance, the appeal will be reinstated and the cause considered on its merits.

No bills of exception complaining of any matters of procedure appear in the transcript. Therefore, the only question presented for review is the sufficiency of the evidence to support the conviction.

According to the evidence adduced by the State, the appellant was employed as a porter at the Sam Houston Hotel in the City of Houston, where he had been so employed for about six years. Among his duties was that of carrying the mail from the hotel to the post office and back to the hotel in a mail pouch provided by the hotel for that purpose. On the day in question J. S. Mickelson, manager of the hotel, placed twelve dollars in currency in three separate envelopes which were addressed to different individuals. However, the money was marked for identification before being placed in the envelopes. The letters were deposited in the mail box of the hotel about ten minutes to one o'clock on the afternoon of May 7, 1940, and shortly thereafter appellant took the letters out of the box, placed them in the mail bag and started for the post office. Mickelson then notified the Postal Inspector's Office that appellant was on his way with the mail and to be on the lookout for the three letters which he (appellant) was supposed to put in the post office. Mickelson ate his lunch and then walked in front of the coffee shop, when two men from the Inspector's Office drove up in a car and motioned to him to get in their car, which was parked at the entrance of the hotel. One of the inspectors left the car but returned in a minute or two in company with the appellant. They took him to one of the guest rooms of the hotel and there, in the presence of Mickelson and three postal inspectors, he opened the main pouch. When asked about the letters appellant replied, "Yes, I have three letters here." They were folded up in one of the three folds or flaps on the outside of the bag. These letters were identified as the ones in which Mickelson had placed the twelve dollars in currency and deposited in the mail box as aforesaid. Mickelson testified that he did not give appellant or anyone else his consent or permission to take the money.

Appellant testified to the effect that he carried the mail to the post office on the day in question; that he deposited the mail

and went to get the mail for the hotel. From his testimony we quote:

"I went on to get the mail and these letters were in the bag, and I intended to put them in the shoot on the way back and just not thinking I walked on out and I thought to myself, I will be going back and I will fold them under this flap. I intended to put the letters back in the box—you see we go back at 2:30—to re-mail them. I did not intend to appropriate them."

The State's witness, Searles, testified that he was foreman of the Post-Office Department, handling investigations, and that he assisted Mr. Michelson in preparing the three letters containing the twelve dollars; that he was looking for these letters at the time the appellant deposited the mail in the post-office. The witness examined the mail deposited by appellant but failed to find the letters in question. After depositing the mail, appellant went on to the "locked box," got the incoming mail, came back and dropped in one other letter, and then left the building. The witness then got in a car, drove in front of the hotel and waited for the appellant to arrive. About the time the witness started to get out of the car in front of the hotel, appellant removed three letters from his pocket and put them in the folds of the mail sack which contained the mail for the hotel. Appellant was then taken to a room on the fourth floor of the hotel and questioned regarding the letters.

By a prearrangement the witness Harry Hageney was stationed in the lobby of the post office at the time that appellant was due to deposit the mail. After examining the letters in the mail pouch, appellant deposited all the letters except the three in question. He then went to the locked box, took the mail out and put it in the bag. As appellant left the post office he had the letters in question in his hand. He then put them some place out of sight of the witness. The witness then contacted Mr. Searles and the two went to the hotel in a car. When appellant arrived at the hotel, he was taken into a room, with the bag of mail, which he opened at the request of the postal inspectors. According to the witness, "These three letters that had been prepared, what we call 'tests,' were inside the flap of the bag, not in the bag with the rest of the mail." The letters were opened and the money found therein bore the same numbers as those on the bills which had been placed in the letters before they were taken to the post office by the appellant.

The witness Yonet, a clerk in the Post Office Inspector's Office, testified that he saw appellant on the day in question when he was in the post office; that he followed the appellant upon his departure from the post office. When appellant stopped to talk to a negro, the witness walked past him; that appellant did not have the letters in his hand at the time. The witness was present when the letters were opened in the room at the hotel. The letters were inside of the flap of the mail pouch and had not been tampered with in any way.

One of the witnesses testified that appellant droppped about fifty-five letters in the outgoing mail box and kept out four letters. That he was feeling of the letters, rubbing them between his fingers, then dropped one of them in the mail and kept the other three letters, they being the ones that had the money in them. Also when appellant was called to the car where the officers were he removed three letters from his pocket and placed them in the folds of the mail sack. "The (appellant) defendant had these letters out in his hand in front of the (letter) drop and looked them over and felt of them before he let the other mail drop, then he looked them over again at the locked box."

If the above testimony is true, then appellant's statement that he overlooked these letters and they were left in the bottom of this mail pouch and he did not know they were in the package of outgoing mail, can not be true. Too many people saw him with the letters in his hand, and saw him conceal them upon his person, and saw him take them from his person and place them in the mail bag when approached by the officers. It will also be noticed that out of about fifty-five letters he only overlooked three letters that had money in them, and that he passed three mail boxes on his way back to the hotel, where these letters could have been mailed, and still kept these overlooked letters, intending, so he said, to mail them on his next trip with mail.

We think the facts are sufficient to support the verdict of guilt, and the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The complaint and information under which appellant was convicted charged him with straight theft from Mickelson. We

refer to our original opinion for the facts developed on the trial.

In his motion for rehearing appellant insists that the affirmance was improper under the State's pleading because he asserts that the undisputed evidence shows that appellant was in the rightful possession of the property he is alleged to have stolen.

In making such contention we apprehend appellant has confused the term "possession" as used in the statute defining theft (Art. 1410 P. C., 1925) with mere custody, such as that of a servant or employee.

Appellant was a porter in the hotel in the employ of Mickelson. It was appellant's duty, among other things, to take the mail from the box in the hotel to the postoffice and there post it for the United States Mail. He was a servant of Mickelson, and his possession of the mail was not adverse to the possession of his master. His possession was not the legal possession referred to in said theft statute, but was mere custody. A servant's temporary possession of property is mere custody, and is not such legal possession as will defeat a charge of theft from the owner, should the servant fraudulently appropriate the property. See Wharton's Crim. Law, Vol. 2, Sec. 1197, page 1508, 12th Ed., Roeder v. State, 39 Tex. Cr. R. 199, 45 S. W. 570; Crook v. State, 39 Tex. Cr. R. 252, 45 S. W. 720; Livingston v. State, 38 Tex. Cr. R. 535, 43 S. W. 1008; Branch's Ann. Tex. P. C., Sect. 2447, p. 1322.

Appellant's motion for rehearing is overruled.