ED HEIDENREICH, *alias* ED HILL V. THE STATE.

No. 22361. Delivered January 20, 1943.
Rehearing Denied February 17, 1943.
Application for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) March 17, 1943.

The opinion states the case.

*E. C. Overall,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of cattle. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant vigorously challenges the sufficiency of the evidence to justify and sustain his conviction.

The evidence adduced by the State, briefly stated, shows that the prosecuting witness, Henry Haas, had a pasture leased from John and Charlie Finger, which was located about six miles

from the town of D'Hanis in Medina County. He also owned a pasture located at or near La Coste, where he resided with his family. Appellant and a Mexican by the name of Elijo Gutierrez were employed by Mr. Haas to look after the cattle in the Finger pasture, repair fences and do such other work as was necessary to be done about the premises. Appellant and the Mexican both lived on the leased property. On Saturday, June 7, 1930, Mr. Haas shipped some cattle to Fort Worth, and on the following day he went there for the purpose of being present when his cattle would be sold on Monday morning. He returned home Tuesday, and on Wednesday he went to Finger Ranch. While there appellant came in a truck. Mr. Haas inquired of him where he had been, to which he replied that he had carried eleven calves to La Coste. On the following day, when Mr. Haas was at La Coste, he made a search for the calves but failed to find them. He then went to San Antonio and found three of his calves in the possession of the Apache Packing Company, but the record is silent as to who brought the cattle there and sold them.

Gutierrez testified that during the time Mr. Haas had gone to Fort Worth, he assisted appellant in loading eleven calves into a truck which appellant carried away; that on the day following the one on which appellant had told Mr. Haas that he had carried the eleven calves to La Coste, he (appellant) left Mr. Haas' employment and was not seen thereafter by Mr. Haas until after he was arrested.

Appellant took the witness stand and testified that the Mexican did not assist him in loading eleven calves in a truck while Mr. Haas had gone to Fort Worth; that on several occasions he carried cattle from the Finger Pasture to La Coste; that he hauled them at the request of Mr. Haas; that he made several trips to La Coste with some cattle after Mr. Haas returned from Fort Worth, but he never carried any cattle to San Antonio and sold them to the Apache Packing Company; that on or about the 12th or 15th of June, Mr. Haas discharged him and told him that he did not need him any longer.

While there is no direct evidence that appellant carried any of Mr. Haas' cattle to San Antonio and sold them to the Apache Packing Company, yet there is testimony to the effect that he did load eleven calves into a truck and carried them away without the knowledge or consent of Mr. Haas. Three of these calves were found in the possession of the Apache Packing Company. Mr. Haas missed eleven calves from his premises at

about that time and he did not find any of them except the three referred to. If the jury accepted the testimony introduced by the State as true, it is sufficient to sustain their conclusion as to appellant's guilt. Hence we overrule his contention as to the insufficiency of the evidence.

Appellant in due time addressed four objections to the court's charge. We have examined the charge in the light of the appellant's objections thereto and reached the conclusion that the same are without merit.

Appellant next complains because the court declined to submit his three special requested charges, the first of which is to the effect that if the jury believed from the evidence that the defendant, in the absence of the alleged owner, was in lawful possession of said cattle, holding, managing and controlling same under his employment, to acquit him. We do not believe that the evidence in this case called for such a charge. Appellant was a hired hand. He was not in possession of the cattle, nor had he the authority to dispose of any of them. He merely had the custody thereof during the temporary absence of Haas. See Livingston v. State, 38 Tex. Cr. R. 535; Roeder v. State, 39 Tex. Cr. R. 199, 45 S. W. 570; Graves v. State, 42 S. W. 300.

The second requested charge is to the effect that if the jury believed from the evidence that the defendant was authorized and had authority from Henry Haas to remove all cattle which he actually moved from the premises wherever they might have been moved, then to acquit him. While appellant testified that he hauled cattle from the Finger Pasture to La Coste at the request and under the direction of Mr. Haas, still he did not testify that he was authorized to haul the cattle in question to La Coste at the time of the commission of the alleged offense. On the contrary, he denied hauling them anywhere.

The third requested charge is to the effect that unless the jury believed, beyond a reasonable doubt, that the defendant converted the cattle in question to his own use, to acquit him. This charge was not a correct pronouncement of the law. Theft is defined to be "the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, *with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking.*" Thus, it will be noted that a person who fraudulently takes property from another need not actually appropriate such

property in order to be guilty of theft. It is sufficient if he at the time entertains an intent to do so. Hence we overrule his contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the facts are insufficient to support the conviction, and that we erred in reaching a contrary conclusion.

It is insisted that the truck into which the witness Gutierrez says the eleven calves were loaded was not of sufficient size to accommodate that many head, and that, by reason thereof, the witness should not be believed. We have searched the statement of facts for any testimony supporting the appellant's assertion that the size of the truck was given. The only description of the truck we find is that " - - - - - - - - - - - - - - - - -; it was a big truck to hold the calves; I do not know what kind, and I do not know the size."

In addition to the facts stated in our original opinion, we call attention to the further fact that, on the day following the alleged theft of the cattle, appellant left and was not apprehended for a period of twelve years, during which time he changed his name or adopted a different one. Such facts tended to show flight of the appellant— a circumstance which the jury was authorized to take into consideration in determining guilt. Branch's P. C., Sec. 135.

We remain convinced that the case was correctly disposed of originally.

The appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.