JIM HARBOLT ET AL. v. THE STATE.

*No. 1210. Decided May 19th, 1897.*

**Scire Facias—Endorsement of Sheriff—Judgment by Default.**

Where a writ of scire facias, upon a forfeited bail bond, was not endorsed by the sheriff, noting the hour of the day upon which he received the same, as the law requires, such failure is an irregularity which does not invalidate a judgment final by default where the citation was otherwise duly and legally served and returned by the sheriff. Following, Peters v. Crittenden, 8 Texas, 133.

APPEAL from the District Court of Hemphill.    Tried below before Hon. B. M. BAKER.

Writ of error from a judgment final for $1500 on a forfeited bail bond.

.The opinion states the case.

*Plemmons & Veale*, for plaintiffs in error, cited Rev. Stat., Art. 1217; Code Crim. Proc., Art. 480; Roberts v. Stockslager, 4 Texas, 307; Underhill v. Lockett, 20 Texas, 130; Graves v. Robertson, 22 Texas, 130; 1 Court of Appeals (civil cases), § 312; Tullis v. Scott, 38 Texas, 537.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—At the May term, 1894, of the District Court of Hemphill County, James Harbolt was indicted for the murder of Tom T. McGee.  He was arrested by the sheriff, and placed in the jail of said county.  On the 10th of September, 1895, he executed a bond in the sum of $1500, conditioned that he should make his personal appearance at the succeeding term of said court to answer said charge of murder.  William C. and Sam Isaacs were sureties on said bond.  On the 19th of November, the case of the State of Texas against Jim Harbolt was called for trial in the District Court of Hemphill County.  Harbolt failed to appear, and judgment nisi was entered against him, as principal, and William C. and Sam Isaacs, as sureties. Scire facias issued to the sureties, citing them to appear at the May term of said court (1896), and show cause, if any, why said judgment nisi should not be made final against them.  On the 19th of May, 1896, at the regular term of said District Court of Hemphill County, judgment final was entered against said Harbolt as principal, and against the two Isaacs as sureties, in the sum of $1500, the amount of said bond.  On the 3rd day of June, 1896, appellants filed an application for a writ of error, and perfected the writ, and bring the cause before this court. But one question is presented by this record.  Appellants contend that, as the sheriff failed to note the hour of the day upon which he received the citation, no valid judgment by default could be rendered in the case. The law requires this to be done; but it does not follow that, if it was omitted, the judgment by default would be illegal.  Appellants did not contend that the return of the sheriff was not legal in every particular, nor that the citation was not served properly; the only contention being that, as the sheriff failed to note the hour of the day, therefore no legal judgment by default could be taken.  We do not agree with this contention.   "If the process is void, the defendants are not required to obey it, but, if merely defective, it brings them into court; and, if they do not then take their exceptions at the proper time, he cannot be heard afterwards to urge it as error in this court."   See, Crain v. Griffis, 14 Texas, 358; Cave v. City of Houston, 65 Texas, 619.   We find no authority supporting the position of appellants in this case, as insisted

in their brief.   We have not found a case, and we dare say no case can be found, in which it has been held that judgment by default could not be had because the sheriff failed to note the hour of the day upon which he received the citation.   If there be a substantial defect in the return of the sheriff, then a judgment by default cannot be legally taken.   There is no contention here that the return is not sufficient; that the sheriff did not do what he ought to have done, except the ommission above stated.   The opinion in the case of Peters v. Crittenden, 8 Texas, 133, settles the question before us adversely to the appellants.   In that case objection was made to the citation, because the day on which it came to the sheriff's hands was not marked on it.   This was held to be not such an irregularity as rendered the citation void.   As stated above, the return of the sheriff is not complained of in this case.   The judgment is affirmed.

*Affirmed.*