### LIB BYRD v. THE STATE.

#### No. 3528. Decided February 7, 1906.

**1.—Theft of Horses—Charge of Court—Contemporaneous Taking.**

Where upon trial for theft of horses the evidence showed the theft of other animals than those alleged in the indictment, and that the transaction was contemporaneous, there was no error in the court's charge that the jury could only consider such testimony in order to establish the identity of the transaction, or they could use the same in developing the res gestæ, and to aid in proving the guilt of the accused where circumstances connected him with the offense.

**2.—Same—Possession—Ownership.**

Where upon trial for theft of horses the evidence showed that they were placed in the pasture of B. under a simple contract of pasturage by P., the owner, who retained control over the same, the issue of possession in B. was not raised.

**3.—Same—Corroboration of accomplice—Sufficiency of Evidence.**

Where upon trial for theft of horses the evidence of corroboration of defendant's accomplices showed that he assisted in loading the horses on the night of the alleged theft, the same was sufficient.

Appeal from the District Court of Comanche. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of theft of horses; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Helton & Jackson* and *J. H. McMillan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of horses, and his punishment fixed at seven years confinement in the penitentiary.

Appellant insists that the court committed an error in attempting to limit the evidence in regard to the theft of other animals than that alleged in the indictment. The theft of the other animals was evidently contemporaneous with the theft of those alleged in the indictment; and in our opinion, the court properly instructed the jury that

they could only consider such testimony in order to establish the identity of the transaction, or could use the same in developing the res gestæ of the alleged offense, and to aid in proving the guilt of the accused by circumstances connected with the offense. It does not occur to us that this charge comes within the cases of Counts v. State, 14 Texas Ct. Rep., 111; Stull v. State, 12 Texas Ct. Rep., 230, and is not a charge upon the weight of testimony. In our opinion it follows the approved precedents as to charges of this character.

We do not believe that the evidence raises the issue of possession in Mrs. Barnes instead of Payne, the party alleged in the indictment to have been the owner and possessor of said animals. True, they were placed in the pasture of Mrs. Barnes; but this was under a simple contract of pasturage, and the evidence shows that she took no control of the horses, but that Payne, the owner, retained such control and visited the pasture from time to time, looking after and salting said animals. The charges given by the court on this subject were sufficient, and the court was not required to give the special requested instruction.

Appellant strenuously insists that the case should be reversed, because there is no testimony corroborating the accomplices and tending to connect appellant with the offense charged. Unquestionably Keaton and Hudson were accomplices and the court properly so instructed the jury. While the testimony of corroboration is not strong, still we believe it is sufficient and tends to connect appellant with the offense charged. The State's witness Hamilton, who assisted in loading the horses on the night of the alleged theft, identified appellant as one of the parties there that night aiding in the loading of said stolen horses on the train to be sent out of the State. It occurs to us that this is sufficient testimony tending to connect appellant with the commission of said offense.

This is a conviction for the theft of the same horses of which Thurman Sexton's case was affirmed at the present term for the receiving of said stolen horses, which is referred to on the question of corroboration of accomplice's testimony. See also Mercer v. State, 17 Texas Crim. App., 453; Martin v. State, 21 Texas Crim. App., 1; Barber v. State, 5 Texas Ct. Rep., 604; Jackson v. State, 40 S. W. Rep., 998.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]