### Joe Russell v. The State.

#### No. 4368.    Decided February, 1909.

**1.—Theft—Possession—Variance.**

Where upon trial for theft the indictment alleged the possession of the stolen property in the prosecuting witness, and the evidence showed that he loaned the same to his brother temporarily from whose possession the property was taken, there was no variance.

**2.—Same—Charge of Court—Accomplice—Form.**

Where upon trial for theft the evidence showed that the State's witness was clearly an accomplice, it was reversible error to fail to charge on said issue, as requested. See opinion for form of charge on accomplice testimony.

Appeal from the County Court of Montague. Tried below before the Hon. Geo. S. March.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $100 and ten days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft, and his punishment assessed at a fine of $100 and ten days in jail.

The fourth ground of the motion for new trial complains the court erred in refusing charge No. 1, in which defendant asked the court to charge the jury to acquit the defendant for the reason that the evidence showed that the alleged stolen bicycle at the time it was missing was not in the possession of the owner, W. W. Hill, but was in the possession of his brother, and there was no evidence that his said brother had not given his consent to the alleged taking. The prosecuting witness swore that he loaned his brother the bicycle temporarily, and on the night his brother had possession of it, it was stolen. We do not think this statement shows a variance from the allegation in the indictment to the effect that the bicycle was in possession of the prosecuting witness, and hence there was no error in refusing the charge asked by appellant.

The fifth ground of the motion complains the court erred in refusing to give charge No. 2, in which appellant asked the court to charge the jury that in the event that they found that Oscar Holmes was an accomplice they could not convict the defendant unless his testimony was corroborated. The sixth ground complains that the court erred in failing to give special charge No. 3, in which defendant asked the court to charge that Oscar Holmes was an accomplice, and that they could not convict the defendant unless there was other evidence tending to connect the defendant with the alleged theft. Charges on these questions should have been given. The witness Oscar Holmes was clearly an accomplice since he was indicted for the same offense; and furthermore, the facts clearly show that he had a guilty knowledge and participancy in the theft of the bicycle for which appellant was indicted. However, we would suggest that the charge asked by appellant is not according to the approved form laid down in the case of Burrel Oates v. State, 50 Texas Crim. Rep., 39, and many other authorities of this court.

For the errors suggested, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*