## Vall Staha v. State.

### No. 2075. Decided November 27, 1912.

**1.—Theft—Conflicting Testimony.**

Where, upon trial of theft, the testimony was conflicting, but sufficient to sustain the conviction, there was no error.

**2.—Ownership—No Variance—Custody Not Control.**

Where the information charged the ownership of the automobile from which a generator was taken to be in the owner of the automobile who had the same in a garage owned by another who had the mere custody of the automobile, the ownership was correctly alleged. Following Thomas v. State, 1 Texas Crim. App., 289, and other cases.

Appeal from the County Court of Lavaca. Tried below before the Hon. P. H. Green.

Appeal from a conviction of theft; penalty, a fine of $5 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State. Otero v. State, 30 Texas Crim. Rep., 450.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft, his punishment being assessed at a fine of $5 and twenty days imprisonment in the county jail.

There are two theories in the case, one showing criminality, and the other showing innocent possession of the property appellant was charged with taking. We deem it unnecessary to go into the statement of facts to collate the evidence pro and con on this question.

It is contended that the evidence does not support the allegation in the information, that Ragsdale was the owner of the property. The property taken was a generator from an automobile. It was in the garage belonging to a man whose name was Drozd, and appellant had an automobile in the same garage, which seems to have been in a bad condition, and was sold to him as a worn out vehicle. It did not have a generator. Appellant went in the garage at night after his auto, which he had a right to do, and hauled it out. When in there he says he picked up the generator lying on the ground, thinking it belonged to his machine. The evidence for the State, on the contrary is, that it belonged to Ragsdale's machine and was lying over on his machine, and not where appellant claimed it was. There is testimony also that appellant sold the generator to another party. Drozd was in charge of the garage and it belonged to him, and the Ragsdale machine was in this garage. It seems that when Ragsdale was not using the machine he kept it there. The contention is that this made Drozd the owner of it, having care, custody and control. We do not believe this position is sound under the authorities. Mere

custody as this was does not constitute that character of control, care and management that constitutes ownership or authorizes the allegation of ownership for want of consent, etc. See Branch's Crim. Laws of Texas, sec. 785. Mere custody is not possession. Thomas v. State, 1 Texas Crim. App., 289; Garling v. State, 2 Texas Crim. App., 44; Bailey v. State, 18 Texas Crim. App., 426; Clark v. State, 23 Texas Crim. App., 612; Hawkins v. State, 20 S. W. Rep. 830; Graves v. State, 42 S. W. Rep., 300; Willis v. State, 44 S. W. Rep., 826; Odell v. State, 44 Texas Crim. Rep., 317; Byrd v. State, 49 Texas Crim. Rep., 279; King v. State, 100 S. W. Rep., 387; Bryan v. State, 4 Texas Crim. App., 59; Russell v. State, 55 Texas Crim. Rep., 330.

The most that can be said, we think, of the possession of the owner of the garage was, that he was the custodian of the machine; that he in no sense had any care, control or management of it such as to constitute him the owner of it in law in theft cases. Neither he nor Mr. Ragsdale testified to any such ownership. It seems from Ragsdale's testimony that when he was not using the machine he kept it in this garage as protection against the weather, etc. There is no fact indicating that he ever turned over this machine to be handled, used and controlled by the owner of the garage. It was just there on account of the convenience and protection of it for Mr. Ragsdale, the owner.

We are of opinion there is no such error in this record as requires a reversal of the judgment, therefore, it is ordered to be affirmed.

*Affirmed.*