CECIL THOMAS v. THE STATE.

No. 4990.  Decided April 17, 1918.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft of an automobile, the evidence is sufficient to sustain the conviction there is no reversible error.

**2.—Same—Ownership—Possession.**

Where the ownership was alleged in the owner of the automobile, there was no variance between the allegation and the proof on the ground that the car was taken from the keeper of the wagon yard where the alleged owner had left it in his custody. Following Crouch v. State, 52 Texas Crim. Rep., 460, and other cases.

**3.—Same—Rule Stated—Ownership—Possession.**

The mere custody of property by an employe or servant of the genera. or special owner does not operate to take the property out of the possession of

said owner. Following Thomas v. State, 1 Texas Crim. App., 389, and other cases.

Appeal from the Criminal District Court of Dallas County No. 2. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of the theft of an automobile; penalty, two years imprisonment in the penitentiary.

The indictment alleged that the automobile was the property of Jewel Ansley and was taken from his possession.

The opinion states the case.

*Jno. P. Spann,* for appellant.—On question of variance and possession and ownership: Bailey v. State, 18 Texas Crim. App., 426; Haenoa v. State, 19 S. W. Rep., 851; Taylor v. State, 62 Texas Crim. Rep., 611, 138 S. W. Rep., 615; Jamison v. State, 79 Texas Crim. Rep., 313, 184 S. W. Rep., 807; Ward v. State, 197 S. W. Rep., 1102.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Howard v. State, 77 Texas Crim. Rep., 185, 178 S. W. Rep., 506, and cases cited in opinion.

MORROW, JUDGE.—Appellant was convicted of theft and his punishment assessed at two years confinement in the penitentiary.

The property stolen was an automobile belonging to Jewell Ansley. Ansley drove his car to the fair grounds at Dallas and stored it in Crum's wagon yard in the fair grounds. There was evidence from which the jury were justified in concluding that appellant took the car from the wagon yard without Ansley's consent and was afterwards found in possession of it. He explained his possession by claiming that he got it from a man by the name of Savage. Circumstances were sufficient to rebut the truth of this statement.

There are no bills complaining of the charge or of errors committed on the trial. In motion for new trial appellant challenges the sufficiency of the evidence to show ownership. Ansley testified he left his automobile at Crum's wagon yard, gave no one consent to remove it, and afterwards found it was gone. He said: "I turned the car over to the man at the gate. He gave his name as J. S. Crum, and I told him I would be there until late in the afternoon. He said, 'All right; everything was safe.'" B. D. Crum, the son of J. S. Crum, testified that the man whom he thought he identified as appellant got the car and that the witness had been at the yard about ten minutes when the man whom he took to be appellant came and said: "I am going to go and look for him and get this car." He took the car and went toward town; that he thought appellant was the owner of the car.

It would seem that Crum, the keeper of the wagon yard, was the mere custodian of the car and that his possession of it was not such as to bring about a variance under the facts between the proof and allegation

of ownership. There are many cases cited by Mr. Branch in his Ann. P. C. under the proposition. Page 123 he says: "Property in the mere custody of a servant or other person is and may be alleged to be in the possession of the owner if no special owner had possession." And page 1324: "The mere custody of property by an employe or servant of the general or special owner does not operate to take the property out of the possession of such owner." Among the authorities cited by the author and which we think support the theory of the State that the proof supported the allegation of ownership made in the indictment are the following: Thomas v. State, 1 Texas Crim. App., 389; Bailey v. State, 18 Texas Crim. App., 426; Emmerson v. State, 33 Texas Crim. Rep., 89; Russell v. State. 55 Texas Crim. Rep., 330; Livingston v. State, 38 Texas Crim. Rep., 535; Garling v. State, 2 Texas Crim. App., 44; Clark v. State, 23 Texas Crim. App., 612; Odell v. State, 44 Texas Crim. Rep., 307; Staha v. State, 69 Texas Crim. Rep., 356, 151 S. W. Rep., 543; Crouch v. State, 52 Texas Crim. Rep., 460.

The judgment of the lower court is affirmed.

*Affirmed.*

PRENDERGAST, Judge, absent.