27947.    HOLTON *v.* THE STATE.

DECIDED FEBRUARY 10, 1940.

*Robert B. Williamson,* for plaintiff in error.

*W. C. Forehand, solicitor-general,* contra.

MacIntyre, J. The defendants, Holton, Seymore, and Norton were jointly indicted for hog stealing. The two latter defendants pleaded guilty. Holton was convicted. His motion for new trial which contained only the general grounds was overruled and he excepted.

Frank Norton, an accomplice, testified in effect that on Tuesday afternoon he and the defendant, Holton, his brother-in-law, rode through the farm of Mr. Kimbro which was about two miles from Norton's home and there they saw or located a sow and four pigs

on the Kimbro farm; that they rode through the farm a second time and again saw the hogs; that they agreed to come back later and steal the hogs; that on Wednesday night he and the defendant picked up two of his (Norton's) wage hands, Green and Loetis Seymore; that they went through Sumner, Georgia, where the defendant got off of the truck, and that Norton and the two hands went on to Sylvester to the picture show; that they came back through Sumner and picked up the defendant, and they all rode on until they were but a short distance from Kimbro's farm; that here the defendant and Norton got out of the truck and the two wage hands drove the truck on to Norton's place; that Norton and the defendant went back to Kimbro's farm and drove the sow and the four pigs over to the barn on Norton's place which was close to and immediately back of the house in which the two wage hands, Green and Loetis Seymore, lived; that he and the defendant got into the truck and he drove the defendant to his home, eight miles away; that he went back before daylight and got the defendant and they came back to the barn where the hogs were left, and then Norton, the defendant, and Green Seymore loaded the hogs on the truck and Norton carried them to Albany, sold them, and gave some of the money from the sale to the defendant and a small amount to the negro tenant, Green Seymore. There were several other witnesses who testified that the defendant and Norton drove through the Kimbro farm twice on the day before the hogs were alleged to have been stolen, and that the hogs were within thirty yards of the road down which they went.

Green Seymore testified differently from Norton with reference to the time the defendant got on the truck before the hog stealing. Seymore's testimony was that the defendant did not get on the truck until after they started home from the picture show and had reached Sumner, whereas Norton's testimony showed that the defendant got on the truck at Norton's place before they picked up the two wage hands, and that the defendant went with them to Sumner and returned with them. Seymore testified twice that early next morning (Wednesday) after the hogs were stolen Norton and the defendant loaded the hogs on the truck and that Norton drove the truck off. On re-cross examination, Seymore testified: "Me and Mr. Frank [Norton] and Mr. Clarence [Holton, the defendant] helped load them. . . Mr. Frank Norton told me to help load

those hogs and I helped. Mr. Clarence Holton did not tell me to do anything. He did not boss me. As to whether Mr. Clarence helped me do anything, well, we had to kinder go in there and drive them up—drive them up that gate into the truck—me and Mr. Frank drove them up the gate into the truck. Me and Mr. Frank put the gate up to to drive them on."

The defendant in effect contends that this testimony did not authorize the jury to find that he helped load the hogs on this occasion. With this we can not agree. It was peculiarly a jury question. He also contends that the discrepancy between the testimony of the accomplices, Norton and Green Seymore, was such that Norton's testimony was impeached and he could not be believed by the jury. It has been held that "although the evidence by the witnesses for the State contained contradictions, there was no abuse of discretion in denying a new trial" (*Clemons* v. *State,* 159 *Ga.* 425, 125 S. E. 800) ; and the jury being the judges of the weight of the evidence, this court can not disturb the judgment of the trial court refusing a new trial. *Puckett* v. *State,* 159 *Ga.* 230 (125 S. E. 208).

The defendant further contends that the testimony of Norton, an accomplice, is not corroborated by any other evidence connecting the defendant with the perpetration of the crime and tending to show his participation therein. The testimony of a witness, Ferry, who lived on the Kimbro farm (the farm from which the hogs were stolen) showed that the defendant and Norton, an accomplice, on Tuesday afternoon before the hogs were stolen on Wednesday night, were seen driving through the Kimbro farm right by the house in which Ferry lived on the road and "that they drove down the road two times about thirty minutes apart, they were riding along slow—looking. It was about 3 o'clock." The testimony of Green Seymore, an accomplice, showed that the defendant and Norton got out of the truck after midnight Wednesday near the Kimbro farm, that he (Seymore) drove the truck back to Norton's place about two miles away, and that early the next morning he and Norton and the defendant loaded the hogs in a truck at Norton's place and Norton carried them away to Albany. This evidence supported the testimony of the accomplice Norton sufficiently to authorize a conviction of hog stealing. *Stephens* v. *State,* 56 *Ga. App.* 9 (192 S. E. 78) ; *Jackson* v. *State,*

56 *Ga. App.* 392 (192 S. E. 630) ; *Vandeviere* v. *State,* 58 *Ga. App.* 18 (197 S. E. 338) ; Tave *v.* State (Tex. Cr. App.) 44 S. W. 178 ; Byrd *v.* State, 49 Tex. Crim. 279 (93 S. W. 114) ; Malachi *v.* State, 89 Ala. 134 (8 So. 104) ; 16 C. J. 708, § 1449.

The judge having approved the verdict, we can not say that he abused his discretion in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*