**Eddie ROBERTS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39278.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 20, 1966.

W. T. Wood, Jr., Gilbert I. Low, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Jim Vollers, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft with two prior convictions for non-capital felonies alleged for enhancement; the punishment, life.

The State's proof established and appellant testified that he purchased a 1957 De Soto automobile in Chicago. In paying for the same, part in cash and part in a worthless check, he used the operator's license belonging to one Billy Newton as identification in order to secure Illinois license plates. Appellant was arrested three months later in Fort Worth seated in a 1957 Chevrolet which had the Illinois license plates for the De Soto attached thereto. Newton testified that he had lost his operator's license, as well as his billfold and all its contents, in a Fort Worth Bar some time prior to the day in question.

It was further shown that the owner of the Chevrolet left it at a filling station in Beaumont for servicing and that when he came to get it after the filling station had closed, it was missing, and the De Soto in question without license plates was found in its place. He later identified his Chevrolet in the custody of the Fort Worth police.

The prior convictions were established, and appellant admitted that he had served the consecutive sentences therein alleged, as well as other felony sentences.

■ Appellant's first contention is that a variance exists between the allegation in the indictment that he stole the Chevrolet from its owner and the proof, which showed that the filling station operator had possession thereof at the time of the theft. We do not agree and have concluded that Thomas v. State, 80 Tex.Cr.R. 282, 203 S.W. 773, and Emerson v. State, 33 Tex.Cr. R. 89, 25 S.W. 289, support the State's contention that possession was properly alleged in the real owner.

Appellant's testimony clearly eliminates the question of the State's failure to prove the sequence of the prior convictions.

■ There is no merit in appellant's contention that he should have been served with copies of the prison records concerning the prior convictions prior to trial. Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154; Turley v. State, 168 Tex.Cr.R. 363, 327 S.W.2d 580; and the cases there cited.

■ We overrule appellant's contention that the evidence is insufficient to show that he intended to permanently appropriate the Chevrolet to his own use and benefit or that the court erred in charging the jury thereon.

■ The court properly instructed the jury in his charge that they might not consider appellant's prior convictions as any evidence of appellant's guilt of the primary offense.

■ Appellant's contention that the court erred by not charging on alibi requires a more detailed discussion of the evidence. While it is true that appellant testified that he did not steal the Chevrolet in Beaumont, he did not state definitely that he was not in Beaumont on the day it was stolen. He traces his movements from Chicago to Jackson, Alabama, and thence to Fort Worth, but he was so indefinite as to dates that the trial court was justified in refusing to submit the defense of alibi. In fact, appellant's testimony does not show where he was on the day charged in the indictment. While testifying concerning his trip from Alabama to Fort Worth, he said, "I am still not sure about those dates." Windham v. State, 162 Tex.Cr.R. 580, 288 S.W.2d 73, and the cases there cited are authority supporting the court's action in declining to charge on alibi. See also 31 Tex.Jur.2d, sec. 114, p. 670.

Appellant's other contentions have been reviewed and are found to be without merit.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.