Jerry Wayne **TRUSSELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40259.

Court of Criminal Appeals of Texas.

April 26, 1967.

Leslie Echols, Paris, for appellant.

Jim N. Thompson, County Atty., Paris, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, 15 years.

Trial was before a jury on a plea of not guilty.

The State did not seek the death penalty. The jury having found appellant guilty, he elected to have the same jury assess the punishment. Art. 37.07, Sec. 2(b), Vernon's Ann.C.C.P.

Appellant's first ground of error is the failure of the trial judge to set aside the indictment because the appellant had been denied a preliminary hearing.

The record reflects that appellant was arrested for the robbery and taken before a magistrate on January 10, 1966, where he was advised of the nature of the charge and of his rights. He asked for an examining trial and that counsel be appointed. Counsel who represented him at his trial, and represents him in this appeal, was appointed.

On January 13, 1966, the indictment was returned without any examining trial having been held.

Appellant cites Art. 16.01 C.C.P. which he would have us construe as depriving the grand jury of authority to return an indictment prior to his being afforded an examining trial.

Art. 16.01 reads in part:

"The accused in any felony case shall have the right to an examining trial *before indictment* in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail, if a bailable case."

We see no error.

The remaining grounds of error relate to the introduction in evidence at the hearing on punishment of certified copies of indictments, judgments and sentences, showing prior convictions of appellant for felonies in 1956, 1957 and 1959. The prior convictions were admissible at the hearing on punishment under the provisions of Art. 37.07, Sec. 2(b), C.C.P.

There is no merit in the contention that the prior convictions were inadmissible under said statute because they were too remote.

The prison records including copies of the judgments, sentences, fingerprints and photographs, were admissible though

not filed among the papers and no copies were furnished appellant or his counsel. Roberts v. State, Tex.Cr.App., 400 S.W.2d 903.

The judgment is affirmed.