James John WALLACE, Appellant,

v.

The STATE of Texas, Appellee.

No. 41262.

Court of Criminal Appeals of Texas.

May 15, 1968.

Rehearing Denied July 10, 1968.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys.,

Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Appellant was convicted, upon his plea of guilty and waiver of a trial by jury, of the offense of burglary and his punishment was assessed at confinement in the Texas Department of Corrections for ten years.

This is a companion case to Nos. 41,260 and 41,261, styled Herring v. State, 429 S.W.2d 146 and 429 S.W.2d 147.

In his brief filed with the clerk of the trial court, appellant urges one ground of error, which is stated as follows:

"Defendants were denied equal protection of the laws of the nation and of the State wherein they are citizens."

The argument included by appellant in his brief in support of the ground of error is, in substance, that he was denied an examining trial before indictment as provided for by Art. 16.01, and the right to make a voluntary statement as provided by Art. 16.04, Vernon's Ann.C.C.P. Such was the basis of his motion to quash the indictment, which the court overruled. He also argues that the evidence introduced upon his plea of guilty is insufficient to support the conviction for burglary.

While the ground of error is not set forth in such way that the point of objection can be "clearly identified and understood by the court" as required by Art 40.09–9, C.C.P., we have considered the same in light of the argument made in support thereof and find no merit therein.

 Under the decisions of this court, the failure to grant an examining trial prior to return of an indictment does not affect its validity. Trussell v. State, Tex.Cr.App., 414 S.W.2d 466; Ash v. State, Tex.Cr.App., 420 S.W.2d 703; Murphy v. State, Tex.Cr.App., 424 S.W.2d 231.

 At the trial, appellant made a judicial confession of the burglary charged—which confession was supported by the testimony of three witnesses called by the state. Such was sufficient to show guilt. Sykes v. State, Tex.Cr.App., 396 S.W.2d 887.

The judgment is affirmed.