Marvin Clifford **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42678.

Court of Criminal Appeals of Texas.

April 8, 1970.

Rehearing Denied June 2, 1970.

John M. Scanlan, Austin, Jane Brasch, Harlington, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for burglary of a vessel (boat) under Article 1403, V.A.P.C.; the punishment, two years.

A security officer saw appellant and Billy Joe Pool enter a shrimp boat, the *Miss Barbara*. Later, when they left the boat, he saw Pool carry a large package and place it in a pickup truck. The security officer and a deputy sheriff stopped the pickup truck and found a case of sea store (tax free) cigarettes and clothing that belonged to the captain of the *Miss Barbara*.

It was further shown that the boat was entered and the cigarettes and clothing were taken without the consent of the captain.

Appellant complains that he did not have counsel prior to the indictment and as a result he was not advised of his right to, and was not given, an examining trial, and therefore, the indictment should have been dismissed.

Article 16.01, V.A.C.C.P., reads in part:

"The accused in any felony case shall have the right to an examining trial *before indictment* in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail, if a bailable case."

■ This Court held in Trussell v. State, Tex.Cr.App., 414 S.W.2d 466, that the failure to grant an examining trial was not grounds to set aside an indictment. See also Ash v. State, Tex.Cr.App., 420 S.W.2d 703.

■ Appellant next contends that the failure to have counsel might have prevented him from finding witnesses to prove his innocence. The record reflects that appellant was arrested on December 7, 1968, indicted on January 8, 1969, and counsel was appointed to represent him on January 17, 1969. The trial started April 14, 1969. No motion for continuance was filed based on the absence of a witness. There is no showing that any prospective witness would testify that appellant did not commit the crime or how counsel could have assisted him had counsel been appointed prior to the indictment.

The record does not show that a confession was taken or that appellant was placed in a lineup.

No injury or reversible error has been shown.

The judgment is affirmed.