**John C. SOLOMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43824.**

Court of Criminal Appeals of Texas.

June 2, 1971.

Nelson S. Hargrave, Jerry P. Payne, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and I. D. McMaster, Asst. Dist.

**423**

Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape. The state did not give notice of intention to seek the death penalty; punishment was assessed by the court at life.

Appellant alleges three contentions herein. They are: (1) error was committed by overruling motion to quash the indictment because he was not afforded an examining trial under Article 16.01, Vernon's Ann.C.C.P.; (2) by overruling "motion for production of grand jury minutes, documents, statements, tests, examination and evidence * * *"; (3) he was denied confrontation and testimony of prosecutrix because of no examining trial.

The record reflects that a request was made for an examining trial but the indictment was returned prior to the hearing date, therefore no examining trial was conducted.

This court, on numerous occasions, has held that the failure to grant an examining trial prior to the return of an indictment does not affect the validity of the indictment. The return of an indictment terminates the right to an examining trial and eliminates the necessity therefor. Montoya v. State, Tex.Cr.App., 464 S.W. 2d 853; Beshears v. State, Tex.Cr.App., 461 S.W.2d 122; Harris v. State, Tex.Cr. App., 457 S.W.2d 903; Johnson v. State, Tex.Cr.App., 453 S.W.2d 840; Briseno v. State, Tex.Cr.App., 450 S.W.2d 865; Klechka v. State, Tex.Cr.App., 429 S.W. 2d 900, cert. denied, 393 U.S. 1044, 89 S. Ct. 672, 21 L.Ed.2d 592; Wallace v. State, Tex.Cr.App., 429 S.W.2d 145; Gooden v. State, Tex.Cr.App., 425 S.W.2d 645; Murphy v. State, Tex.Cr.App., 424 S.W. 2d 231.

The first part of appellant's ground of error is overruled.

**424**

Next, appellant contends that failure to have an examining trial was a denial of effective legal assistance as his attorney had not been afforded the discovery proceeding thereunder. Therefore, he should have been furnished certain documents, etc.

Article 39.14, V.A.C.C.P., sets out the procedure for discovery and provides:

"Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending may order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence; provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees. Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State."

The court conducted a hearing on defense motions, and the record reflects the following:

"THE COURT: * * * I now have in connection with this case a motion for production of grand jury minutes, documents, statements, tests, examination of evidence. Do you wish to offer evidence in connection with this motion?

"MR. HARGROVE: No, Your Honor. We would urge the attorney for the State to furnish us with the police report. He has furnished us with medical reports. We would urge at this time that the police report itself be furnished.

"THE COURT: Does the State wish to reply?

"MR. McMASTER: Yes, sir. We refuse. I don't believe he's entitled to it under the statute, Your Honor.

"THE COURT: Until a police officer has testified and having either made the report or used the report to refresh his recollection concerning the events in this matter, the request is denied. But at such time if a request is made, the Court at that time will direct that the police report be made available to the defense counsel.

"MR. HARGROVE: Please note our exception at this time.

"THE COURT: Yes, sir. You wish to be heard, further evidence on this motion?

"MR. HARGROVE: No, sir."

We note that Article 39.14, supra, was not complied with. However, if it had been, overruling a motion to produce the grand jury proceedings is not error in the absence of showing of a particularized need. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973. Acuff v. State, Tex.Cr.App., 433 S.W.2d 902; McDuff v. State, Tex.Cr.App., 431 S.W.2d 547; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320. And no error was committed by overruling the motion to produce a police report since there is nothing in the record to indicate that an officer made any such report.

Also, it is not error to overrule motion to produce documents, statements, tests, and examination of evidence, since

the motion is too broad to be effective and does not show good cause. Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Sonderup v. State, Tex.Cr.App., 418 S. W.2d 807; Smith v. State, Tex.Cr.App., 409 S.W.2d 408, cert. denied, 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed.2d 73.

 Finally, appellant's contention that he was not afforded the confrontation and testimony of the prosecutrix, either at an examining trial or by report, is without merit. The record reflects that the said prosecutrix and appellant had known each other most of their lives, and were on a "first name basis." There is no showing that an effort was made to take her deposition as provided in Article 39.02, V.A.C. C.P.

The final part of appellant's ground of error is overruled.

There being no reversible error, the judgment is affirmed.