UNITED STATES of America ex rel. Robert LORAY, Appellant,

v.

Howard YEAGER, Warden, New Jersey State Prison, Trenton.

No. 17533.

United States Court of Appeals, Third Circuit.

Submitted on Briefs March 1, 1971.

Decided Aug. 16, 1971.

Robert Loray, pro se.

Joseph P. Lordi, County Prosecutor, David S. Baime, Newark, N. J. (R. Benjamin Cohen, Asst. Prosecutor, on the brief), for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This appeal by a state prisoner, who is serving a life sentence for murder, from a denial of his petition for habeas corpus presents the question whether the district court erred in deciding against the appellant his claim that a confession used against him at his trial had been coerced. The district court did not hear testimony but decided upon the basis of the state record that the state courts had properly ruled against the claim of coercion after full hearing and upon an adequate supporting record.

■ The appellant had been tried before the decisions of the Supreme Court in Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Therefore, the new rules announced in those cases are inapplicable here. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

The state record shows that the appellant, then a 16-year-old boy who had completed three years of high school education, was arrested at his home during the morning of February 25, 1961, after another suspect had told the police that the appellant had participated in the mugging and fatal beating of an elderly man. The arresting officers took appellant in a police car to a police station where he was questioned in the "interrogation room." Within 2½ hours after appellant's arrival at the police station the interrogation had been completed, the statement in question typed and the document signed by him.

■ The claim of coercion is based upon alleged occurrences at the police station and during the ride to the police station. Appellant claims that the police struck and threatened him and that while being taken through the police station he observed the slapping of a female prisoner by a policeman. Each charge of physical violence or menacing words or actions was denied in testimony before the state trial court. That court believed the testimony of the police officers and nothing in the record made that testimony inherently incredible. And the appellant does not contend that he had any additional evidence to present to the district court to support his claim of physical mistreatment. Therefore, it was within the district court's allowable discretion to forego another evidentiary hearing and to accept the state record as adequately and fairly establishing that the appellant had not been subjected to police brutality or threats.

On the other hand, the 16-year-old prisoner was not advised of his right to remain silent or to have the assistance of counsel. He was given no opportunity to consult with parents or adult friends. Had this occurred after the *Miranda* and *Escobedo* decisions, the resultant confession would have been inadmissible. But because this trial occurred before those decisions, we must decide whether the circumstances were so inherently coercive or the conduct of the police so grossly or outrageously improper that the accused must be found to have been denied due process of law.

A comparison of this case with Haley v. Ohio, 1948, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224, is instructive. The accused in that case was a 15-year-old boy, suspected of participating in a robbery. He was arrested and taken to police headquarters about midnight. There he was interrogated by relays of policemen until 5 A.M. He was not advised before interrogation of his right to remain silent or to have counsel. Shortly after 5 A.M. he signed a confession that was used as evidence against him at his trial. Concurring in the reversal of Haley's conviction, Mr. Justice Frankfurter wrote:

> "The age of the petitioner, the hours when he was grilled, the duration of his quizzing, the fact that he had no friend or counsel to advise him, the callous attitude of the police toward his rights combine to convince us that this was a confession wrung from a child by means which the law should

not sanction." 332 U.S. at 600–601, 68 S.Ct. at 304.

 Here, in contrast, we have a 2½ hour midday interrogation. This difference makes it much more difficult to conclude that the boy's "will was overborne by the sustained pressures upon him." Davis v. North Carolina, 1966, 384 U.S. 737, 739, 86 S.Ct. 1761, 1763, 16 L.Ed.2d 895. Indeed, we cannot say that this record precludes the contrary conclusion of the state courts and the court below. *Cf.* Michaud v. Robbins, 1st Cir. 1970, 424 F.2d 971. Neither can we say that the conduct of the police was of such reprehensible character that a prophylactic sanction should be imposed.

Other contentions are presented in the appellant's brief. We have considered all of them and we find no reversible error.

The judgment will be affirmed.