

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 7, 1972

Honorable Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas    78204

Opinion No.  M-1151

Re:  Whether an examining
     trial is required in
     the case of a child
     transferred from the
     juvenile court to
     district court for
     prosecution.

Dear Mr. Butler:

You have requested the opinion of this office on the following questions:

1.  Must the Criminal District Court conduct an examining trial when a juvenile is transferred to that court by the juvenile court, although no examining trial has been requested?

2.  Will indictment by the grand jury prior to a request for an examining trial waive the juvenile's right to have an examining trial under Article 2338-1, Section 6(j), Vernon's Civil Statutes?

Section 6(j) of Article 2338-1 reads as follows:

"If the juvenile court waives jurisdiction it shall certify its action, including the written order and findings of the court and accompanied by a complaint against the child, and transfer the child to the appropriate district court or criminal district court for criminal proceedings. Upon transfer of the child for criminal proceedings he shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest. However, the examining trial shall be conducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court." (Emphasis added.)

-5609-

Since transfer of custody from the juvenile court to the district court is an arrest, the juvenile normally will be dealt with in accordance with Article 15.17, Vernon's Code of Criminal Procedure, which requires an arresting officer to take an accused before a magistrate to be informed of the charges and the accused's legal rights, including the right to an examining trial.

Provision is made in Article 16.01, Vernon's Code of Criminal Procedure, for examining trials in criminal cases. This article reads in part:

"...The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or the sufficiency of bail, if a bailable offense."

No court decision has squarely decided whether an examining trial is mandatory in the case of a juvenile transferred to district court for prosecution as an adult. The Court of Criminal Appeals has been presented with the question of whether Section 6(j) of Article 2338-1 makes mandatory an examining trial in this situation, but the record of the case reflects that an examining trial had been held. The court therefore did not rule on whether an examining trial is mandatory. Garza v. State, 469 S.W.2d 169 (Tex. Crim., 1971).

In Buchanan v. State, 453 S.W.2d 479 (Tex.Crim., 1970), the court was faced with the question of whether the district court had jurisdiction to try a defendant who was only sixteen years old when the indictment was returned. The court noted that the juvenile court had held a hearing on the state's request to waive jurisdiction and had entered an order waiving jurisdiction and transferring the case to the district court, after which the defendant was indicted. The opinion did not indicate that an examining trial was held by the district court, but the Court of Criminal Appeals observed that all statutory requirements for transfer of the case had been complied with and that the indictment was valid.

In two decisions, both styled Jackson v. State, 449 S.W.2d 242 (Tex.Crim., 1969) and 449 S.W.2d 245 (Tex.Crim.,

1969), the Court of Criminal Appeals was also confronted with the question of whether a defendant of juvenile age had been properly transferred for prosecution. In these cases, the court mentioned that an examining trial was conducted "...as authorized by Article 2338-1, ..." (449 S.W.2d 242, 243) but did not rule whether an examining trial was mandatory. The language of Article 2338-1 at the time of Jackson's trial, however, was not the same as the present language derived from a 1967 amendment.

The purpose of an examining trial has been declared to be twofold: (1) to determine whether there is sufficient evidence to warrant further proceedings, and (2) to determine if bail should be allowed and, if so, to set the amount. Harris v. State, 457 S.W.2d 903 (Tex.Crim., 1970), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971). The first purpose mentioned is clearly satisfied by the return of an indictment, since the grand jury will have determined that the evidence warrants further proceedings.

The Court of Criminal Appeals has ruled that the right to an examining trial is terminated by indictment. Klechka v. State, 429 S.W.2d 900 (Tex.Crim., 1968), certiorari denied, 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969). The court has adhered to this rule even in situations where an examining trial has been requested, but indictment has been returned before a hearing could be held. Solomon v. State, 467 S.W.2d 422 (Tex.Crim., 1971). Thurman v. State, 466 S.W.2d 738 (Tex.Crim., 1971); Ash v. State, 420 S.W.2d 703 (Tex.Crim., 1967). In various cases such as Klechka v. State, supra, the court has observed that no examining trial was requested. This office has ruled that the failure of a defendant to request an examining trial constitutes a waiver of the right to that hearing. Attorney General Opinion., C-717 (1966).

Various court decisions have indicated that minors can waive legal rights, such as the right to counsel and the privilege against self-incrimination, as long as the minor's action is both knowing and voluntary. Garza v. State, supra; In re Garcia, 443 S.W.2d 594 (Tex.Civ.App., 1969, no writ); West v. United States, 399 F.2d 467 (5th Cir., 1968), certiorari denied, 393 U.S. 1102, 89 S.Ct. 903, 21 L.Ed. 795 (1969); United States v. Yeager, 446 F.2d 1360 (3rd Cir., 1971). Since the courts have held that these important constitutional rights can be waived, the right to an examining

trial, which is merely procedural in nature, should also be subject to waiver by a minor. A hearing must be held in the juvenile court anyway on the waiver of jurisdiction to the district court, so the examining trial to a large extent would be simply a repetition of the waiver hearing.

Since Section 6(j) of Article 2338-1 provides that a child transferred to district court for criminal proceedings shall be dealt with as an adult in accordance with the Code of Criminal Procedure, that statute should be harmonized, if possible, with provisions of criminal procedure and court interpretations of these provisions. The provision of Section 6(j) that "...the examining trial shall be conducted by the district court or criminal district court..." can be interpreted to mean that the waiver proceeding in the juvenile court should not take the place of an examining trial. Also, since an examining trial normally may be held in a justice court, the provision of Section 6(j) can be interpreted as merely limiting the examining trial to a district court or criminal district court in those cases when a juvenile is certified for prosecution. Nothing in either Articles 2338-1 or 16.01 or the Garza and Buchanan decisions, supra, indicates that an examining trial is mandatory. The many cases construing Article 16.01 have clearly demonstrated that the validity of an indictment and subsequent conviction is not dependent on whether an examining trial has been conducted. In cases of adults, the holding of an examining trial is dependent on a request.

This office therefore is of the opinion that a district court is not required to conduct an examining trial in the case of a child transferred from juvenile court to district court for prosecution in the absence of a request for the examining trial. In view of the express language of Article 16.01 and the many decisions holding that the right to an examining trial is terminated by indictment, we are also of the opinion that the right of a child transferred for prosecution as an adult to have an examining trial is terminated by indictment.

## SUMMARY

The terms of Article 2338-1, Section 6(j), Vernon's Civil Statutes, do not require a district court or criminal district court to conduct an examining trial in the case of a child transferred from juvenile court to district court for prosecution as an adult when no examining trial is requested.

The right of a child so transferred for prosecution to have an examining trial is terminated by the return of an indictment.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ben Harrison
Jack Sparks
Harold Kennedy
Gordon Cass

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant