UNITED STATES of America ex rel.
Clarence A. WILLIAMS, Jr.,
Petitioner,

v.

COMMONWEALTH OF PENNSYL-
VANIA, Respondent.

Civ. A. No. 71-2098.

United States District Court,
E. D. Pennsylvania.

July 25, 1974.

Sheldon S. Toll, Detroit, Mich., Gilbert E. Toll, Philadelphia, Pa., for petitioner.

J. David Bean, Stewart J. Greenleaf, Asst. Dist. Attys., Norristown, Pa., for respondent.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

On June 23, 1961, Relator Clarence Williams, was adjudged guilty by a jury on seventeen bills of indictment charging him with burglary, larceny, receiving stolen goods, loitering and prowling, and violation of the Uniform Firearms Act, at a trial held in Montgomery County, Pennsylvania; thereafter, on August 16, 1961, the Honorable Robert W. Honeyman, the presiding judge, sentenced Williams to a term of imprisonment of four to twenty years. Relator was released from prison and is now on parole.

Before us is his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 et seq., in which he seeks a new trial on the basis of four alleged fundamental deprivations of his constitutional rights guaranteed him by the Fifth and Fourteenth Amendments. The four matters which, Relator claims, permeated his trial with fundamental constitutional error may be summarized as follows:

1. Failure of the trial court to provide him with counsel who could effectively assist him;

2. his exclusion from the courtroom when the jury which tried and convicted him was empanelled;

3. introduction at the trial of his allegedly illegally-obtained confession; and

4. introduction of evidence at the trial which was procured as the result of an allegedly illegal search and seizure.

Relator did not directly appeal his conviction and ensuing sentence to a higher state court; instead he filed a petition under the Pennsylvania Post-Conviction Hearing Act, 19 P.S. § 1180-1 et seq., pursuant to which a hearing was held on September 18th and November 2, 1967 before Judge Honeyman. On November 15, 1968, the trial court dismissed the petition and issued an order and opinion in support of its action. The denial of post-conviction relief was affirmed by the Superior Court of Pennsylvania, 216 Pa.Super. 731 (1969) and thereafter by the Supreme Court of Pennsylvania, 443 Pa. 561 (1971).

The same issues are raised by petitioner in the instant case as were presented to the state courts under the Pennsylvania Post-Conviction Hearing Act. Thus, he has satisfied the requirement of exhaustion of state remedies and is therefore properly before this Court.[1]

Relator agreed to have this action adjudicated on the basis of the trial record, the evidence adduced at the post-conviction hearing conducted by Judge Honeyman, and such supplemental evidence as was presented at the evidentiary hearing before us on June 3, 1974. Sheldon Toll, Esquire, court-appointed counsel who successfully represented petitioner in a related habeas corpus proceeding before Judge Masterson[2] represents Williams in this action.[3]

The record before us establishes the following critical facts and sequence of events: On April 15, 1961, Robert P. Johnson, Justice of the Peace in and for Montgomery County, charged Relator with three misdemeanors, and committed him without bail to the Montgomery County Prison for a further hearing on April 22, 1961. However, Williams remained in the custody of the Lower Merion Township Police at least until the time of his confession on Monday, April 17, 1961 (Trial [tr.] N.T. 68–69).

On Saturday, April 15th, the police attempted to interrogate him, but ceased questioning him after he stated that he was unable to answer the first question put to him. Apparently no further inquiries were directed to Petitioner until Sunday, April 16th, when Detective Loughran questioned him for a brief time, suggesting that his failure to cooperate could result in creating a problem for his supervisor at the time, Mrs. Lucille Brown, at the Berian School.

On Monday, April 17, 1961, Detectives McNabb and Loughran pursued their questioning and confronted Relator with certain stolen goods that had been recovered from the premises of the Berian

1. *See* 28 U.S.C. § 2254(c); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

2. United States ex rel. Williams v. Brierley, 291 F.Supp. 912 (E.D.Pa.1968).

3. Mr. Toll, who is now practicing law in the State of Michigan, voluntarily undertook the representation of Relator before us in this matter as a service both to Petitioner and to the Court; he is to be commended for having done so, even though he is no longer a practitioner on a regular basis in this District.

School the preceding day as a result of a lead from Carl J. Smith, a defendant in a related prosecution for the same offenses, who was arrested simultaneously with Williams. After Relator was confronted with this evidence, he made his confession that day. (Commonwealth's Trial Exhibit # 19).

As a result of our review of the entire record, consisting of (1) the transcript of the trial, (2) the post-conviction proceedings, and (3) the evidentiary hearing held in this Court, as well as the briefs, joint pretrial order and arguments of counsel, we are satisfied that Relator's contentions are without merit and that the state courts' actions of affirmance of the conviction and denial of a new trial were proper.

Relator's four contentions and our reasons for rejecting them follow:

FIRST: Relator has alleged that he is entitled to a new trial because he was not afforded effective assistance of counsel required by the due process clause of the Fourteenth Amendment. Evidence produced at the hearing in this Court served to support Judge Honeyman's conclusion "that counsel performed in a competent and reasonable manner". Moreover, Mr. Phelps, his court-appointed counsel, was able to produce additional evidence of his consultation with Relator at the Montgomery County prison before the arraignment on May 19, 1961. (Commonwealth's Habeas Corpus Hearing Exhibit C–1).

Mr. Phelps further explained his failure to call certain witnesses to testify in Relator's defense. He stated that after interviewing Mrs. [Brown], Relator's supervisor at the Berian School, he concluded that she would be a hostile witness because of her concern that her school had been used as a repository for stolen goods. Phelps testified that he also contacted a witness, Naomi Ferrare, who would not willingly appear and would not in any event testify to Relator's advantage. [Habeas Corpus hearing (HCH)—N.T. 44]. Phelps also recalled that he chose not to call Relator's mother to the stand as a witness, in order to avoid her admission on cross-examination that she had consented to the search of their home. (HCH–N.T. 25)

Admittedly, some may question whether counsel's investigation would satisfy the standard of preparation which courts currently require under prevailing standards, particularly in light of the several burglaries with which Relator was charged and the multiplicity of evidence regarding those burglaries. However, in assessing the competence of Relator's trial counsel to determine whether Relator was denied due process of law, we do not ask whether the defense was free from errors of judgment, but whether counsel exercised "customary skill and knowledge which normally prevail[ed] at the time and place". Moore v. United States, 432 F.2d 730 (3d Cir. 1970).[4]

We believe that Judge Honeyman, who found that counsel was an "experienced and competent attorney" who performed in a "competent and reasonable manner" was in a far better position than we are to determine the prevailing standard of competence in Montgomery County in 1961. The records and evidence before us do not persuade us that Relator's counsel was so ineffective as to challenge that conclusion.

SECOND: Relator claims that he was not present when the jury which convicted him was empanelled, in contra-

4. We recognize that a much lesser showing of competence may actually be necessary to establish that Relator was not denied his due process right to effective assistance of counsel. According to earlier authority than the state would result [only] if the representation of a defendant by his counsel should be so lacking in competence or good faith that it would become the duty of the trial judge or the prosecutor, as officers of the state, to observe and correct it" in order to avoid a "farce and mockery of justice". United States ex rel. Darcy v. Handy, 203 F.2d 407, 427 (3d Cir. 1953), cited with approval in United States v. Cariola, 323 F.2d 180, 185, n. 4 (3d Cir. 1963); see also Moore v. United States, 432 F.2d 730, 740 (3d Cir. 1970) (concurring opinion).

vention of his right to due process guaranteed by the Fourteenth Amendment. Snyder v. Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674 (1934); Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); Hopt v. Utah, 110 U.S. 574, 578, 4 S.Ct. 202, 28 L.Ed. 262 (1884). Although the opinion of Judge Honeyman did not articulate a specific finding of fact with regard to Relator's presence at that crucial time, we assume "that the state trier of fact applied correct standards of federal law to the facts", Townsend v. Sain, 372 U.S. 293, 314-315, 83 S.Ct. 745, 758, 9 L.Ed.2d 770 (1963), and "would have granted relief if it had believed [relator's] allegations". La Vallee v. Rose, 410 U.S. 690, 695, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); United States ex rel. Thomas v. Maroney, 406 F.2d 992, 994 (3d Cir. 1969). Relator has not met his burden of establishing the erroneousness of the state court's determination by convincing evidence.

■ THIRD: Relator challenges the admission of his confession at his trial. We do not agree with his contention that the confession was unconstitutionally obtained. Custody by the police for four days, contrary to an order of the justice of the peace remanding him to the county prison, and the failure of the police to advise him of his right to counsel at the inception of his interrogation were but factors for the jury to consider in determining the voluntariness of his statements later introduced against him at trial. See Davis v. North Carolina, 384 U.S. 737, 740-741, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); United States ex rel. Rivers v. Myers, 384 F.2d 737, 740 (3d Cir. 1967). We must bear in mind in this connection that the trial occurred before the decisions of the United States Supreme Court in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1738, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S.

436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and hence the applicable standard differs from that which is controlling now. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Thus, the jury was informed, correctly at the time, that absence of counsel, length of interrogation, or failure to warn defendant of a right to remain silent were not themselves and without more conclusive of the issue of voluntariness. [Tr. N.T. 499-504].

Neither the jury, which was carefully instructed as to its role in assessing the voluntariness of the confession,[5] nor Judge Honeyman, after the post-conviction hearing, chose to conclude that the confession had been coerced. Judge Honeyman stated in his opinion:

In this case, defendant was interrogated for no extended period of time during his stay under custody. There evidently was no pressure exerted upon petitioner, who was permitted to see his family in the interim between the arrest and the confession. The detectives said he talked freely, but only after being confronted with the numerous stolen articles removed from his home and place of employment. The defendant acknowledged he was adequately fed by the police, and his other physical needs were given attention. The Court just does not believe the defendant and his accomplice in their testimony concerning the physical violence inflicted upon him. In addition, a review of the trial transcript shows that the third defendant had testified there was no violence, brutality, threats or other coercion inflicted upon any of them by the police. Therefore, the Court concludes that this defendant's confession was voluntarily given. [Post-conviction hearing opinion (PCH), pp. 6-7].

Nothing in the entire record before us, including testimony presented at the hearing before this Court, persuaded us

5. The necessity of preliminary determination of the voluntariness of a confession was not established until the Supreme Court's deci-

sion in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

that this factual determination by the state court was erroneous [6] and we decline to find that Relator's confession was unconstitutionally obtained, in light of the prevalent legal standards which obtained at the time of the trial in 1961.

 FOURTH: Neither do we find, as Relator further contends, that his confession was the poisoned fruit of an unconstitutional search of the Berian School, the place of his employment, where various stolen goods that were the subject of several of the charges against Relator were discovered, nor do we find that the evidence seized from that school was improperly admitted into evidence at his trial. Relator's claim that he had exclusive control of the areas of the school from which the goods were taken by the police is not supported by the testimony relative to this issue. The whiskey, guns, radio and jewelry were taken from a third floor storage room, and the stolen safe was recovered from the boiler room in the basement of the school. [Tr.–N.T. 28; PCH–N.T. 27]. Substantial and convincing evidence thus supports Judge Honeyman's conclusion that "the police officers who made the search received permission from the principal of the school to search the school," that "these areas were not under the sole dominion of Mr. Williams", and that a search warrant for these areas was not required. [PCH opinion, pp. 4, 5]. Cf. Villano v. United States, 310 F.2d 680 (10th Cir. 1962).

Having thus concluded that Relator's contentions are without merit, and that Relator is not entitled to the writ of habeas corpus, the following Order will be entered:

## ORDER

And now, to wit, this 25th day of July, 1974, the petition for the writ of habeas corpus is hereby DENIED. There is no probable cause for appeal.

6. Cf. United States ex rel. Loray v. Yeager, 446 F.2d 1360 (3d Cir. 1971); United States ex rel. Dickerson v. Rundle, 430 F.2d 462, 465 (3d Cir. 1970).